UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

FILED
APR 26 2023

| | |
|---|---|
| CHARLES A. STEWART,<br><br>Plaintiff,<br><br>vs.<br><br>BRENT K. KEMPENA, Assistant Attorney General, ERNEST THOMPSON, State's Attorney, MARK MILBRANDT, Sheriff, DAVE LUNZMAN, Chief Deputy Sherriff, LINN KAMIN, AUSTIN BALL, Correctional Officer, JOANACANI MANACE, Correctional Officer, UNKNOWN DEFENDANTS at Brown County Jail, UNKNOWN DEFENDANTS at the Aberdeen South Dakota Police Department, GREGORY BROOKS, Aberdeen Police, TOM BARSTAD, Aberdeen Police, BRYON M. GORDON, Aberdeen Police, JUSTIM CHARLZ, Aberdeen Police, CINDY MITCHILL, Brown County Jail, in their individual and official capacities,<br><br>Defendants. | 1:23-CV-01010-CBK<br><br>MEMORANDUM OPINION AND ORDER |

## *IN FORMA PAUPERIS*

Plaintiff is a prisoner at the Mike Durfee State Prison. He has filed a complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis* without the prepayment of the filing fee. Plaintiff has made the requisite showing under 28 U.S.C. § 1915. Under the Prison Litigation Reform Act, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Plaintiff must pay the full $350 filing

fee notwithstanding whether or not the matter is subsequently dismissed as frivolous after review under 28 U.S.C. § 1915(e)(2).

A prisoner must pay, as an initial partial filing fee, 20% of the greater of the average monthly deposits to the prisoner's account or the average monthly balance of the prisoner's account for the last six months. 28 U.S.C. § 1915(b)(1)(A) and (B). The Court finds that plaintiff is required to make an initial partial filing fee of $17.60.

## INITIAL SCREENING

The Prison Litigation Reform Act requires the Court to screen prisoner complaints and dismiss any complaint that is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). I have conducted an initial review as required by § 1915A.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988). Fed. R. Civ. P. 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). *Pro se* prisoner complaints must "be given liberal construction." Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015). *Accord,* Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (*citing* Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Nonetheless, *pro se* litigants are not excused from complying with the Rule 8(a). Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986). Although this Court must accept as true well-pleaded facts, the Court need not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949.

Plaintiff states in his *pro so* complaint that, between April 28, 2021, and May 5, 2021, the place he was staying at and the cars at that place were unreasonably searched by Aberdeen Police and Brown County Sheriffs without valid warrants and that the items found were used against the owner to scare the owner into making false statements against plaintiff. Plaintiff claims that defendants Kempena and Thompson violated his rights after they ended their investigation in how they handled the case, the charging decisions they made and the decisions they made as to dropping charges involving victims and dropping charges against other defendants. Plaintiff further claims the Aberdeen Police Department violated his rights in how they conducted the investigation.

Plaintiff further claims that, while he was housed in the Brown County Jail, the "jail" did the following: he was not housed in the main population, was denied legal materials, was not given the same amount of food as other inmates because he was given Type 1 diabetes trays despite his request to the contrary, that he was kicked, punched, tased, shot with pepper balls, his phone was taken to isolate him and used as a bargaining tool, he was not allowed time to go over legal material for his case, his incoming and outgoing mail was withheld, and that defendants committed double jeopardy by putting aggravated assault in his plea agreement. He contends he was not treated equally and was discriminated against regarding his case. He contends he was not given legal materials and legal calls when requested.

Plaintiff seeks monetary damages in the amount of $55,000.00. He also seeks dismissal of the state court charges and release from prison, contending that he was coerced by the Attorney General and State's Attorney into taking a plea bargain.

I take judicial notice of the records of South Dakota's Unified Judicial System, which are available on the ecourts portal. Plaintiff was charged by criminal complaint on April 26, 2021, in South Dakota Circuit Court, Fifth Judicial District, Brown County, 06CRI21-000538, with having committed aggravated assault against an 18-year-old victim. Plaintiff had an initial appearance on May 14, 2021, and on that date the prosecution filed a notice of dismissal without prejudice.

3

On May 3, 2021, plaintiff was charged by indictment in 06CRI21-000586 with conspiracy to commit first degree murder, attempted first degree murder, and commission of a felony while armed with a firearm, all involving the same victim in the above case. An initial appearance was also held in this case on May 14, 2021, and was continued to May 17, 2021. On January 5, 2022, a written plea agreement was filed wherein plaintiff agreed to plead *nolo contendere* to a superseding information charging aggravated assault. The state agreed to dismiss all other charges in the indictment, the Part II habitual offender information filed in the case, as well as the charge set forth in the paragraph below. Consistent with the plea agreement, a superseding information was filed on January 5, 2022. On that same date, plaintiff entered a plea and was sentenced to 15 years custody in the state penitentiary with five years suspended.

On November 9, 2021, plaintiff was charged by criminal complaint in 06CRI21-001405 with two counts of simple assault against two Brown County correctional officers which occurred on August 31, 2021. On December 8, 2021, the charges were superseded by an indictment charging him with one count of simple assault against a Brown County correctional officer. On January 21, 2022, consistent with the plea agreement in the above paragraph, the complaint and indictment in this case were dismissed.

As set forth above, as the result of the plaintiff's conduct in April and August 2021 and the state court charges as detailed above, plaintiff was convicted (based upon a plea of nolo contendere) of one charge of aggravated assault and was sentenced to 15 years imprisonment in the state penitentiary, with five years suspended. All other charges were resolved by the plaintiff's plea.

**I. Prosecutorial Immunity**.

"[U]nder § 1983, a prosecutor is immune for conduct related to initiating a prosecution and presenting the State's case." Stockley v. Joyce, 963 F.3d 809, 817 (8th Cir. 2020) (cleaned up) (*citing* Imbler v. Pachtman, 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976)). Plaintiff's claims against defendants Kempena and Thompson that they violated his rights by how they handled his case through indictment and their subsequent charging decisions are barred by prosecutorial immunity.

A prosecutor is not entitled to absolute immunity for investigative conduct that "does not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." Stockley v. Joyce, 963 F.3d at 817 (*quoting* Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993)). Plaintiff's complaint states that, after Kempena and Thompson "ended their investigations," they violated plaintiff's rights. Plaintiff has made no claim against the prosecutors based upon their investigative conduct not related to charging decisions.

## II. Official Capacity Claims.

Plaintiff sued defendants in both their individual and official capacities. When a public employee is sued in his or her official capacity, the plaintiff is suing "only the public employer," in this case, the State of South Dakota, Brown County, and the City of Aberdeen. Furlow v. Belmar, 52 F.4th 393, 406 (8th Cir. 2022). An official capacity claim against an assistant South Dakota attorney General "is only nominally against the official and in fact is against the official's office and thus the sovereign itself." Lewis v. Clarke, 197 L. Ed. 2d 631, 137 S. Ct. 1285, 1291 (2017). An action against the sovereign is barred by sovereign immunity. Regents of the Univ. of California v. Doe, 519 U.S. 425, 429, 117 S. Ct. 900, 903–04, 137 L. Ed. 2d 55 (1997). Plaintiff's claims against defendant Kempena fail to state a claim upon which relief can be granted.

Local governments, like counties and cities, are liable only for "their own illegal acts" and are not vicariously liable under § 1983. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978). *Accord*, Connick v. Thompson, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011). "A county [and a city] may be liable for a constitutional violation under § 1983 only if the violation resulted from a policy or custom of the municipality." Calgaro v. St. Louis County, 919 F.3d 1054, 1058 (8th Cir. 2019) (*citing* Monell v. Dep't of Soc. Servs., *supra*.). Plaintiff does not allege that any official action or policy on behalf of Brown County or the City of Aberdeen or their policy making

5

officials caused his injuries or damages. His official capacity claims should be dismissed for failure to state a claim upon which relief can be granted.

### III. Heck Bar.

The United States Supreme Court has held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372-73, 129 L. Ed. 2d 383 (1994). The Heck bar has been referred to as the "favorable-termination rule." Entzi v. Redmann. 485 F.3d 998, 1003 (8th Cir. 2007).

All of plaintiff's claims regarding the search of the residence that he was staying at and the cars at that place as well as the investigating officers' conduct in obtaining information during the investigation of the crimes charged against him are matters concerning evidence in his criminal cases. The legality of searches and seizures must be raised, if at all, in his criminal cases, in a criminal appeal, or in subsequent habeas proceedings. Plaintiff's claim that his aggravated assault charge constituted double jeopardy likewise was required to be raised in his criminal case. Plaintiff entered a plea and thus waived any such claims in his criminal cases. Such claims are not cognizable in this § 1983 action.

Plaintiff's claims that his phone was taken to isolate him and was used as a bargaining tool, that he was not allowed time to go over legal material for his case, that he was discriminated against regarding his criminal cases, and that he was denied legal materials and legal calls all concern the issues of the knowing and voluntary nature of his guilty plea. Such claims are barred in a § 1983 action by Heck.

### IV. Conditions of Confinement.

Plaintiff claims that, when he was housed in the Brown County Jail, the "jail" housed him outside the general population. He also claims that he was discriminated against because he is diabetic in that he received a special diet and was not given the same amount of food as other inmates. A pretrial detainee's conditions of confinement claim is analyzed under the Fourteenth Amendment's Due Process Clause which prohibits pretrial detainees from being housed under conditions that amount to punishment. Stearns v. Inmate Services Corporation, 957 F.3d 902, 906 (8th Cir. 2020) (*citing* Bell v. Wolfish, 441 U.S. 520, 537, 99 S. Ct. 1861, 1873, 60 L. Ed. 2d 447 (1979)). Such a claim lies where the plaintiff alleges that "the conditions were intentionally punitive" or that "the conditions were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose." Id. at 907.

Plaintiff has not alleged the denial of any federal constitutional or statutory right that is implicated by his housing placement. He claims the "jail" took him out of the main population and would not put him back in the main population. He has not alleged any facts to infer that his placement outside the general population of the jail was intentionally punitive or that he was subject to harsher conditions as a result of his placement. County jails are not legal entities amenable to suit under 42 U.S.C. § 1983. Owens v. Scott County Jail, 328 F.3d 1026, 1027 (8th Cir. 2003).

In order to sustain a § 1983 claim, plaintiff is required to plead which defendant, through his or her own actions, violated his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009). Plaintiff has not alleged that any particular defendant personally violated his rights as it relates to his housing placement. He has failed to state a claim upon which relief can be granted as to this claim.

Plaintiff claims that the "jail" did not give him the same amount of food as other inmates because he was given diabetic trays despite his request to the contrary. Plaintiff has not alleged that any particular defendant personally violated his rights as it relates to this claim.

"Prisoners have a right to nutritionally adequate food." Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992). See also, Divers v. Department of Corrections, 921 F.2d 191, 194 (8th Cir. 1990) (prison officials must provide a nutritionally adequate diet). To state a claim that he was denied inadequate meals in violation of the Eighth Amendment, plaintiff would have to allege that "prison officials were deliberately indifferent to his . . . dietary needs." Wishon v. Gammon, 978 F.2d at 449. Further, plaintiff would be required to allege that he was injured by the failure to be provided nutritionally adequate breakfasts. He has not done so. Plaintiff has failed to state a claim under 42 U.S.C. § 1983 for deliberate indifference to the right to a nutritionally adequate diet.

## V. Mail.

"The Constitution guarantees prisoners a right to access the courts." White v. Kautzky, 494 F.3d 677, 679 (8th Cir. 2007). As set forth previously, plaintiff claims that he was denied legal materials and legal telephone calls. To the extent he alleges such deprivation was used to coerce his guilty plea, that claim, as previously stated, cannot be raised in a § 1983 action but must be raised in the state criminal trial court case, on appeal from the conviction, or in a habeas petition.

Even if the deprivation of legal materials and calls did not involve his criminal case, his claims would fail. In any § 1983 claim that the jail violated plaintiff's access to the courts, plaintiff would be required to show that he was "hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351, 116 S. Ct. 2174, 2180, 135 L. Ed. 2d 606 (1996). The Supreme Court in Lewis v. Casey noted that "we must observe that the injury requirement is not satisfied by just any type of frustrated legal claim." Lewis v. Casey, 518 U.S. at 354, 116 S. Ct. at 2181. The Supreme Court observed that nearly all of the Supreme Court access-to-courts cases "involved attempts by inmates to pursue direct appeals from the convictions for which they were incarcerated, or habeas

8

petitions." Id. Plaintiff was represented by counsel in his state court criminal proceedings. He has not alleged that, while housed at the Brown County Jail, he was hindered in any inability to pursue a direct appeal or habeas petition challenging his state court conviction. Lewis v. Casey recognized that the right to access the courts extends "only slightly" to civil rights actions under 42 U.S.C. § 1983 where plaintiff was "actually injured" in that he was hindered in pursuing a § 1983 civil claim. Lewis v. Casey, 518 U.S. at 353 and n. 3, 116 S.Ct. at 2181. Plaintiff's threadbare allegations in the complaint fail to state a claim for violation of the right to access the courts.

Plaintiff claims that his incoming and outgoing mail was withheld, without reference to whether such mail was legal or personal. Inmates retain their First Amendment right to send and receive mail, subject to reasonable penological regulation. Procunier v. Martinez, 416 U.S. 396, 408-09, 94 S. Ct. 1800, 1809, 40 L. Ed. 2d 224 (1974), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 109 S. Ct. 1874, 104 L. Ed. 2d 459 (1989); Weiler v. Purkett, 137 F.3d 1047, 1050 (8th Cir, 1998). Plaintiff's complaint fails to state a claim under 42 U.S.C. § 1983 for violation of a constitutionally protected right in connection with his personal mail. His threadbare recitals that his mail was withheld do not meet the Rule 8(a) pleading standards.

## VI. Excessive Force.

Plaintiff claims that the "jail" shot pepper balls into his cell and left him in the cell over 15 minutes. As set forth previously, claims against the jail are not cognizable in a § 1983 action. Further, even if the Court were to construe plaintiff's threadbare allegations as a claim that his rights were violated because he was not allowed to decontaminate after he was sprayed or did not receive adequate medical care for his injuries, plaintiff has failed to identify which particular defendant, through his own actions, engaged in a violation of his rights. He has failed to state a claim for which relief could be granted as to the claimed pepper ball incident.

Plaintiff claims that he was kicked, punched, and tased by the Sheriff at the Brown County Jail. Elsewhere in the complaint he claims that the taser left a burn mark on his skin that caused a scar and that he was subject to excessive use of force. These are the

9

only allegations arising out of plaintiff's confinement at the Brown County Jail where plaintiff has pleaded the name of the defendant who allegedly violated his rights as required by Ashcroft v. Iqbal. "[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." Kingsley v. Hendrickson, 576 U.S. 389, 397, 135 S. Ct. 2466, 2473, 192 L. Ed. 2d 416 (2015). Plaintiff has asserted the bare minimum to survive initial review on his excessive force claim.

When a plaintiff is granted leave to file a federal complaint without prepayment of fees, the district court may order the service of process pursuant to 28 U.S.C. § 1915(d).

## ORDER

Based upon the foregoing,

IT IS ORDERED:

1. Plaintiff's application, Doc. 2, to proceed without the prepayment of the filing fee is granted.

2. Plaintiff shall pay an initial filing fee in the amount of $17.60 to the Clerk of the U.S. District Court, 225 S. Pierre Street, Pierre, SD, 57501, on or before May 26, 2023. Failure to do so may result in dismissal of this action for failure to prosecute.

3. Whenever the amount in plaintiff's trust account exceeds $10.00, the institution having custody of the plaintiff is hereby directed to forward monthly payments that equal 20% of the funds credited the preceding month to the plaintiff's trust account to the U.S. District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid in full.

4. The Clerk of Court shall send a copy of this order to the appropriate official at plaintiff's institution.

5. Plaintiff has failed to state a claim upon which relief could be granted as to all defendants and all claims except as to his excessive force claim against Sheriff Dave Lunzman. All other claims against all other defendants are dismissed.

6. Upon payment of the initial filing fee, the Clerk of Court shall provide plaintiff a summons and USM-285 form the remaining defendant. Plaintiff shall compete and return to the Clerk of Court a summons and USM-285 form for the defendant within 21

days from the date of mailing the forms to him. Upon receipt of the completed summons and USM-285 form, the Clerk of Court will issue the summons.

7. The United States Marshals Service shall serve a copy of the summons and complaint, along with this order, upon the defendant pursuant to SDCL 15-6-4(d)(8). All costs of service shall be advanced by the United States.

8. In the event plaintiff makes a recovery under the complaint, plaintiff shall reimburse the government for any filing and service fees that have been advanced.

9. If the plaintiff fails to complete and return summons and the USM-285 form as directed, this matter will be dismissed for failure to prosecute.

DATED this 21st day of April, 2023.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge