UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| CHARLES A. STEWART,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVE LUNZMAN, Chief Deputy Sherriff,<br>in his individual capacity,<br><br>    Defendant. | 1:23-CV-01010-CBK<br><br><br>ORDER |

   Plaintiff, a prisoner, filed a complaint pursuant to 42 U.S.C. § 1983.  Because plaintiff was proceeding *in forma pauperis*, I conducted an initial review of the complaint as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915 and 1915A.  I found, on initial review, that plaintiff failed to state a claim upon which relief could be granted as to all defendants and all claims except as to his excessive force claim against Sheriff Dave Lunzman.  All other claims against all other defendants were dismissed.  Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

   The basis of the motion to dismiss is the assertion that plaintiff's complaint states inconsistent facts as to the identity of the person(s) who allegedly engaged in excessive force against him.  Defendant Lunzman further contends that plaintiff inconsistently refers to defendant as sheriff and chief deputy and that he was not Brown County sheriff at the time of the alleged use of excessive force.

   I previously found on initial review pursuant to the PLRA that plaintiff's *pro se* complaint, construed in the light most favorable to the plaintiff, adequately alleged a claim for excessive force against defendant Lunzman.  The language in the PLRA tracks the language of Fed. R. Civ. P. 12(b)(6) and the courts apply the same standard of review

when conducting an initial review of a *pro se* complaint and a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Geitz v. Overall, 62 F. App'x 744, 746 (8th Cir. 2003) and Goodroad v. Bloomberg, 129 F.3d 121 (8th Cir. 1997), both citing with approval Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). I have already ruled that plaintiff's *pro se* complaint against defendant Lunzman states a claim.

Plaintiff filed his complaint on April 14, 2023. Plaintiff claims that, while he was in the Brown County Jail, he was kicked, punched, and tased for over a minute, resulting in a burn mark which resulted in a scar. He claimed that such conduct was committed by the sheriff at the Brown County Jail. Plaintiff claims that, on August 31, 2021, he filed a grievance for getting kicked, kneed, punched, and tased and that he was seeking the names of the officers involved. He claims in his complaint that he had tried to obtain that information but his requests were not answered. Attached to the complaint is a copy of the grievance with the response "ask your attorney for any footage."

It is clear from the *pro se* complaint that the alleged excessive use of force occurred on or before August 31, 2021. Despite plaintiff's request for information, he was denied access to the names of the unknown jailers who allegedly participated in the excessive use of force.

Plaintiff listed as defendants in his complaint "unknown defendants at Brown County Jail." It is now clear to the Court that those defendants should not have been dismissed. While plaintiff claims defendant Lunzman engaged in excessive force, he also claims that there were others whose names he did not know and whose identities have been withheld from plaintiff.

Plaintiff filed a letter request for the appointment of counsel. "Pro se litigants have neither a constitutional nor a statutory right to appointed counsel in civil cases." Patterson v. Kelley, 902 F.3d 845, 850 (8th Cir. 2018). The district courts are authorized, under certain circumstances, to appoint counsel to indigent pro se litigants who state a non-frivolous claim. 28 U.S.C. § 1915(e). The United States Court of Appeals for the Eighth Circuit has held:

"[A]n indigent pro se prison litigant who has met his burden of showing his complaint not to be frivolous pursuant to 28 U.S.C. § 1915(d) should be appointed counsel where necessary." *Reynolds v. Foree*, 771 F.2d 1179, 1181 (8th Cir.1985) (*per curiam*). The district court should determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir.1984).

Johnson v. Williams, 788 F.2d 1319, 1322 (8th Cir. 1986).

Although factual complexity is certainly a relevant factor for a district court to consider in determining an indigent litigant's need for appointment of counsel, it is not the only factor. We believe that in addition to factual complexity, the district court should also consider the ability of an indigent to investigate the facts, the existence of conflicting testimony, the ability of an indigent to present his claim, and the complexity of the legal issues. These factors are "by no means an exclusive checklist," and the weight to be given any one factor will vary with the case.

Johnson v. Williams,  788 F.2d at 1322-23 (internal citations omitted).

The case is not factually complex. Discovery will not be complex in this case. Appointment of counsel is not necessary at this time. The Court will separately enter a discovery order in this case following the filing of an answer.

Now, therefore,

IT IS ORDERED:

1. Defendant's motion, Doc. 11, to dismiss is denied.

2. Plaintiff's request, Doc. 7, for the appointment of counsel is denied.

3. The order, Doc. 5, dismissing the "Unknown Defendants at Brown County Jail" is vacated.

DATED this 18th day of March, 2024.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

3